UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD L. GUNDY,

      Plaintiff,

v.                                                                                          CASE NO. 3:19-cv-795-BJD-MCR

CITY OF JACKSONVILLE,
FLORIDA, a municipality of the
State of Florida, and AARON L.
BOWMAN, individually,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Supplemental Motion to Tax Costs ("Motion") (Doc. 74) and Plaintiff's Response thereto (Doc. 75). For the reasons that follow, the undersigned recommends that the Motion be **GRANTED in part** and **DENIED in part**.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

Local Rule 7.01, Defendants, as prevailing parties after the United States Court of Appeals for the Eleventh Circuit affirmed the District Court's ruling in Defendants' favor, request an order taxing costs against Plaintiff in the total amount of $1,756.50. (Doc. 74.) Defendants seek reimbursement for costs in the amount of $1,402.65 for court reporter and videographer attendance and transcripts in connection with the depositions of A. Bowman ($285.00) and R. Gundy ($583.90), and the video deposition of R. Gundy ($533.75). (*Id.* at 6.) Defendants argue that "[t]hese deposition transcripts were necessary for Defendants' defense of the case, including the City's successful summary judgment motion, and to prepare the case for trial." (*Id.* at 6-7.) In addition, Defendants seek reimbursement for $79.65 for the transcript of the council meeting invocation of Reginald Gundy, $74.70 for the transcript of the council meeting invocation of Dr. Nicholas Louh, and $199.50 for the syncing of the deposition. (*Id.* at 7.) Defendants argue that "[b]oth of these transcripts and syncing of deposition were essential to the determination of the relevant facts in this case." (*Id.*)

Plaintiff does not dispute that Defendants are entitled to costs as prevailing parties, but asserts that some of the requested costs are not properly recoverable under 28 U.S.C. § 1920, including the sum of $533.75 for the video deposition of R. Gundy, $79.65 for the transcript of the council meeting invocation of Reginald Gundy, $74.70 for the transcript of the council

meeting invocation of Dr. Nicholas Louh, and $199.50 for the syncing of the deposition. (Doc. 75 at 2.) Plaintiff explains that the sum of $533.75 for the video deposition of R. Gundy is not recoverable because Defendants have not explained why the videotaping was necessary. (*Id.*) Also, Plaintiff states that the costs for the transcription of the two invocations ($79.65 and $74.70, respectively) were not necessary for the litigation, Defendants do not explain why they were necessary, the invocations were available for listening, and the transcripts themselves were incomplete. (*Id.* at 3.) Further, Plaintiff argues that the cost for the deposition sync ($199.50) is not recoverable under 28 U.S.C. § 1920, and Defendants do not explain why it was a necessary cost. (*Id.* at 2.) As such, Plaintiff argues that Defendants' bill of costs should be reduced by $887.60. (*Id.*)

> With respect to deposition costs, the Eleventh Circuit has stated:
>
> Taxation of deposition costs is authorized by § 1920(2). Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. . . . It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained.

*U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) (internal citations and quotation marks omitted). "District courts have great latitude

3

in determining whether a deposition was 'necessarily obtained' for use in the case." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. 2005) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981)). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." *Ass'n for Disabled Americans*, 385 F. Supp. 2d at 1289.

The undersigned agrees with Plaintiff that the costs for the transcript of the council meeting invocation of Reginald Gundy ($79.65) and Dr. Nicholas Louh ($74.70), as well as the syncing of the deposition ($199.50), are not recoverable under 28 U.S.C. § 1920(2), as Defendants have not meaningfully explained why these costs were necessary.

The undersigned also agrees with Plaintiff that the sum of $533.75 for the video deposition of R. Gundy should be disallowed. Relying on *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (per curiam), and *Gonzalez v. Geico Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2017 WL 1519755, *2 (M.D. Fla. Apr. 27, 2017), Defendants state that it is proper to award costs for both a videotape and a stenographic transcript of a deposition when a party notices a deposition to be recorded by videotape, or by both stenographic means and videotape, and the other party raises no objection at the time to

4

the method of recording. (Doc. 74 at 6.) Both of those decisions relied on *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (per curiam), to conclude that "a court can award the cost of conducting the deposition in the manner noticed" where "a party notices a deposition to be recorded by both stenographic and non-stenographic means, and no objection is raised at that time as to the method of recordation." *Watson*, 492 F. App'x at 997; *see also Gonzalez*, 2017 WL 1519755 at *2 (same). Here, there is no evidence before the Court that Defendants noticed the subject deposition to be recorded by both stenographic and non-stenographic means. More importantly, however, *Morrison* "was issued prior to the amendment of Section 1920 to reflect that '[f]ees for printed *or* electronically recorded transcripts' are recoverable." *Travelers Indem. Co. of Conn. v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-cv-670-FtM-38CM, 2019 WL 359862, *4 (M.D. Fla. Jan. 14, 2019) (emphasis in original).

"Further, courts in the Middle District of Florida generally require a prevailing party to demonstrate why 'videotapes were necessary to prepare for litigation when [the parties] had transcripts of the events." *Id.* (citations omitted). Here, Defendants have not explained why the videotaping was necessary. As such, the undersigned recommends that the sum of $533.75 for the video deposition of R. Gundy be disallowed, and Defendants' bill of costs be reduced by $887.60. *See Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-

5

1591-Orl-31GJK, 2015 WL 4352048, *6 (M.D. Fla. July 14, 2015) ("Defendant provides no explanation why it was necessary to obtain a transcript and videotape of [the] deposition."); *Arnoul v. Busch Ent. Corp.*, No. 8:07-cv-1490-T-24 MAP, 2008 WL 11336322, *1 (M.D. Fla. Dec. 30, 2008) ("Defendant has offered no explanation as to why the videotapes were necessary to prepare for litigation when Defendant had transcripts of the events.   The Court, therefore, agrees that Defendant should be allowed to tax the costs of the transcripts . . . , but not the videotaping, since Defendant has not demonstrated that the taping was anything more than a convenience to counsel.").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 74**) be **GRANTED** to the extent Defendants be allowed to tax as costs the sum of $868.90, and **DENIED** in all other respects.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Defendants, City of Jacksonville, Florida and Aaron L. Bowman, and against Plaintiff, Reginald L. Gundy, for costs in the total amount of $868.90.

**DONE AND ENTERED** at Jacksonville, Florida, on July 20, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

6

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record